SAVOY, Judge.
Mrs. Betty Harrell brought suit against the Town of Glenmora and its liability insurer, Travelers Insurance Company, to recover damages for injuries sustained and medical expenses incurred when she slipped and fell on a sidewalk leading from the. front of her rental residence to the street in front of the house. Defendants answered denying negligence and affirmatively averring that plaintiff was guilty of contributory negligence in the event any negligence was shown attributable to the defendant town.
Judgment was rendered in the trial court rejecting the demands of plaintiff, and from this judgment'she has appealed, contending the trial court erred in holding her to be contributorily negligent. Defendants answered the appeal stating that no manifest error was committed by the trial court; and that the judgment should be affirmed.
The record reveals that Mr. Dewitt Luttrell, at the time of the accident, was an alderman of the Town of Glenmora, who resided next door to plaintiff. At his instance two pieces of concrete were removed from the sidewalk leading from plaintiff’s residence to the street to facilitate the draining of water more efficiently into a drainage ditch. Mr. Luttrell testified that he was present when the work crew commenced the breaking of the concrete, and that plaintiff asked him if she could have the removed pieces of concrete for use as stepping stones in her back yard. The record reflects that the larger pieces of concrete were transported to plaintiff’s back yard in conformity with her request.
Plaintiff testified that she had been residing in the rent house for approximately six months prior to the accident of May *544 13, 1969. She said that the accident occurred at 7:30 P.M. when it was still daylight, and that she had known of the excavation for several days, and possibly one week. Mrs. Harrell stated she did ask that the broken pieces of concrete be placed in her back yard, and further stated that she had to pass by the excavated area at least twice a day going to and from her job at St. Francis Cabrini Hospital in Alexandria. Upon cross-examination, Mrs. Harrell admitted that she did not know what she stepped on or what caused her to fall, only that her feet rolled out or flew out from under her.
In Martin v. City of Opelousas, 185 So. 2d 223 (La.App. 3 Cir. 1966), this Court reiterated the often-stated rule of law regarding the duties of municipalities to defects in streets and sidewalks as follows:
“It is settled law that a municipality is not an insurer of the safety of pedestrians. It must keep sidewalks and public walkways reasonably safe, but the maintaining of them in perfect condition is not necessary. To render a municipality liable in damages because of a defect in a sidewalk or walkway, the defect complained of must be patently and obviously dangerous to a reasonably careful and ordinarily prudent person, and it must be in the nature of a trap, or one reasonably calculated to cause injury. * * (Citations omitted.)
We do not find it necessary to decide whether or not the 3" to 4" excavated concrete slabs constituted a “patently dangerous defect” or “trap” insofar as plaintiff’s testimony vividly depicts that she did not know what caused her to fall, only that her feet “rolled or flew out” from under her. In addition, she was well aware of the excavation, having been present when the concrete was removed and having successfully traversed the area a minimum of some six or eight times in going to and from work without injury. Insofar as the testimony establishes the fact that it was daylight when the accident occurred, and there were no extenuating circumstances to distract her; we cannot find the holding of the trial .judge to be manifestly erroneous.
For the reasons herein set out, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.